IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **BRENDA RYALS and ALLEN RYALS,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 2:16-cv-580-MHT-PWG |
| ) | |
| **WAL-MART STORES EAST, L.P.,** ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

On February 15, 2016, Brenda Ryals and Allen Ryals ("Plaintiffs") filed a civil complaint in the Circuit Court of Pike County, Alabama, sounding exclusively in state law, asserting claims of negligence and loss of consortium against Wal-Mart Stores East, L.P. (Doc. 1-1). On July 15, 2016, Wal-Mart removed the action to the United States District Court for the Middle District of Alabama, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332. For the purposes of this recommendation, it is uncontested that the parties are diverse.[1] (Doc. 1). On August 15, 2016, Plaintiffs

---

[1] When, as here, the purported statutory basis for federal jurisdiction is § 1332(a)(1)—a civil action satisfying the amount-in-controversy requirement and between "citizens of different States" — there must be "complete diversity of citizenship. That is, diversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

filed a motion to remand the action to state court (Doc. 11). The matter is before the undersigned pursuant to the order of reference dated August 8, 2016. (Doc. 9). *See also* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72; *United States v. Raddatz,* 447 U.S. 667 (1980); *Jefferey S. v. State Bd. of Educ. of State of Ga.,* 896 F.2d 507 (11th Cir. 1990). The motion is briefed and deemed under submission.

Upon consideration and for the reasons discussed herein, the Magistrate Judge **RECOMMENDS** that the motion to remand be **GRANTED** and that this matter be remanded to the Circuit Court of Montgomery County, Alabama.

I. **REMOVAL AND REMAND GENERAL PRINCIPLES**

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). A federal district court is "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Therefore, a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* "at the earliest possible stage in the proceedings." *Id.* at 410. "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden

of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377.

"Any civil case filed in state court may be removed by the defendant to federal court if the case could have been brought originally in federal court." *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996) (citing 28 U.S.C. § 1441(a)), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). A removing defendant must establish the propriety of removal under 28 U.S.C. § 1441 and, therefore, must demonstrate the existence of federal jurisdiction. *See, e.g.*, *Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013) ("the burden of establishing removal jurisdiction rests with the defendant seeking removal"); *City of Vestavia Hills v. Gen. Fidelity Ins. Co.*, 676 F.3d 1310, 1313 n.1 (11th Cir. 2012) ("The removing party bears the burden of proof regarding the existence of federal subject matter jurisdiction."). Because removal infringes upon state sovereignty and implicates central concepts of federalism, removal statutes must be construed narrowly, with all jurisdictional doubts being resolved in favor of remand to state court. *Burns*, 31 F.3d at 1095.

When a case is removed—that is, which provision of 28 U.S.C. § 1446(b) ((b)(1) or (b)(3)) a removing defendant invokes—also governs the burden of proof as to amount in controversy. *See, e.g.*, *Jones v. Novartis Pharms. Co.*, 952 F. Supp.

3

2d 1277, 1281–82 (N.D. Ala. 2013) ("The removal procedure statute contemplates two ways that a case may be removed based on diversity jurisdiction. The first way (formerly referred to as 'first paragraph removals')[, and accomplished pursuant to 28 U.S.C. § 1446(b)(1),] involves civil cases where the jurisdictional grounds for removal are apparent on the face of the initial pleadings. The second way (formerly referred to as 'second paragraph removals') contemplates removal where the jurisdictional grounds later become apparent through the defendant's receipt of 'an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.'" (quoting 28 U.S.C. § 1446(b)(3) (footnote omitted)).[2] This action was removed within thirty days of service.

In determining whether diversity jurisdiction exists, the court must examine the facts as they stood on the date of removal. *See Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir.2002) ("[W]e note that for purposes of this challenge to the subject matter jurisdiction of the district court, the critical time is the date of

---

[2] As noted in *Jones,* the distinction between "first paragraph" and "second paragraph" removals is rendered obsolete by a clearer version of the removal statute, as amended by the *Federal Courts Jurisdiction and Venue Clarification Act of 2011*, PL 112–63, December 7, 2011, 125 Stat. 758, which added subsections to 28 U.S.C. § 1446(b). The substance of the removal procedure is not affected by the stylistic changes to the statute; therefore, the previous case law discussing "first paragraph" and "second paragraph" removals is still applicable despite its outdated terminology.

removal."). "If a plaintiff makes 'an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the ... jurisdictional requirement.'" *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (quoting *Tapscott*, 77 F.3d at 1357). To meet its burden, the removing defendant may present additional evidence, including evidence of settlement demands, to establish that the amount in controversy exceeds $75,000. *See Roe*, 613 F.3d at 1061 ("In some cases, [the removing defendant's] burden requires [it] to provide additional evidence demonstrating that removal is proper." (footnote and citation omitted)); *Burns*, 31 F.3d at 1097 (considering the plaintiff's settlement demands before deciding whether the removing defendant established that the amount in controversy satisfied the jurisdictional requirements). *See also Dart Cherokee Basin Operating Co., LLC v. Owens*, ___ U.S. ___, ___, 135 S. Ct. 547, 554, 190 L. Ed. 2d 495 (2014)(when a defendant's assertion of the amount in controversy is challenged on a motion to remand, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied.").

## II.    BACKGROUND AND STATEMENT OF FACTS [3]

---

[3] For purposes of this Report and Recommendation, as countenanced by the Eleventh Circuit in *Crowe*, *supra*, the disputed "facts" have been resolved in a light most favorable to Plaintiffs. However, that does not constitute a rendering of findings

5

The facts alleged in Plaintiffs' complaint are few and as follows. "On or about March 2, 2014, Plaintiff Brenda Ryals was a customer at Wal-Mart. As she was walking down an aisle, Plaintiff slipped in and fell in a wet substance on the floor. There were no 'wet floor' signs displayed. The Defendant [Wal-Mart] failed to inform and/or warn patrons of the hazardous floor condition." (Doc. 1-1 at p.3). Plaintiffs further alleged that:

> 8. As a proximate cause of [Wal-Mart's] said negligence, Plaintiff Brenda Ryals was caused to suffer bodily injury which caused her to undergo medical treatment. Plaintiff Brenda Ryals has incurred expenses for medical attention that she received. She continues to suffer bodily injuries and medical expenses for her injuries and will be caused to suffer bodily injury and medical expenses in the future as the result of [Wal-Mart's] negligence.
>
> 9. Plaintiff Brenda Ryals was caused to suffer emotional distress and mental anguish as the result of the Defendant's negligence.

(Doc. 1-1 at p.3). Based on these allegations, Plaintiffs asserted two state law claims of negligence and loss of consortium, demanding "judgment against [Wal-Mart] in an amount to be determined by this Honorable Court." (Doc. 1-1 at p.3-4).

## III.   DISCUSSION

### A.   The Complaint

---

of fact in Plaintiffs' favor, and the facts set out herein might not be the actual facts of this case.  Moreover, the court has not weighed the evidence or made credibility determinations.

In this case, the Plaintiffs did not state an amount of damages sought in their state court Complaint. "Judicial experience and common sense" are useless for making "reasonable" deductions, inferences, and extrapolations when the complaint is devoid of any averments from which to deduce, infer, or extrapolate. A reasonable inference "is not a suspicion or a guess. It is a reasoned, logical decision to conclude that a disputed fact exists on the basis of another fact that is known to exist.'" *Arrington v. State Farm Ins. Co.*, No. 2:14-cv-209-CSC, 2014 WL 2961104 at *6 (M.D. Ala. July 1, 2014) (quoting *Siewe v. Gonzales*, 480 F.3d 160, 168 (2d Cir. 2007)). "[W]ithout facts or specific allegations, the amount in controversy" can be determined "only through speculation—and that is impermissible." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 753–54 (11th Cir. 2010) (citing *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1209 (11th Cir. 2007)).

Moreover, it is axiomatic that, on a motion to remand, all questions or doubts as to subject matter jurisdiction are to be resolved in favor of returning the matter to state court, *see Burns*, 31 F.3d at 1095; thus, to the extent that competing inferences may be drawn from the specific factual allegations of the complaint, the court must indulge those inferences most favorable to remand. *See Kokkonen*, 511 U.S. at 377 ("It is to be presumed that a cause lies outside [the court's] limited jurisdiction); *Pretka*, 608 F.3d at 753–54 ("[W]ithout facts or specific allegations, the amount in

7

controversy could be 'divined [only] by looking at the stars'—only through speculation—and that is impermissible."). *See*, *e.g.*, *Snellgrove v. Goodyear Tire & Rubber Co.*, 2014 WL 235367 (N.D. Ala. 2014) (The need for surgery physical therapy along with claims of pain, extreme emotional distress, and demand for punitive damages do not provide a basis for non speculative assessments.). In *Benton v. State Farm & Cas. Co.*, 2014 WL 2002851 (M.D. Ala. 2014), the court concluded that specific allegations of harm contained in a complaint says nothing about the value of the claims no matter the seriousness of the general assertion.

Moreover, to the extent that the Complaint alleges compensatory damages for emotional distress, mental anguish, and loss of consortium (Doc. 1-1 at p. 4), Simply contending that Wal-Mart's acts or omissions caused mental harm says nothing about the value of the claim. As noted above, Alabama law itself recognizes the general nature of the assessment of such compensatory damages. Accordingly, the Complaint in this case does not "on its face" support removing the action from the state court.

### B. Other Paper

Central to the issue of the amount in controversy in this case are the specific allegations of a settlement demand letter which Plaintiffs sent to Wal-Mart on July 1, 2016. (Doc. 1-7). The demand letter stated, in pertinent part:

> We believe the depositions of both Brenda and husband, Allen

> revealed the real pain and agony the Ryals suffer each and every day. As you discovered, there is no surgical procedure Brenda can undergo to resolve her pain. Thus, Brenda and Allen will suffer with this pain for the remainder of her life. Given the average female lives to be 78 years of age, Brenda will suffer for the next 25 years. Applying a conservative figure of only $10.00 per day compensation for pain and suffering, Brenda would be compensated $91,250.00.
>
> Allen is 63 years of age and the life expectancy of a male is only 73 years. Applying a conservative figure of only $5.00 per day for the next 10 years would compensate Allen $18,250.00.
>
> We believe a reasonable addition of general damages of $40,000.00 should be added to these calculations for a total claim value of $149,500.00.
>
> We also understand that liability is always at issue in these cases and are willing to discount our claims. Accordingly, we hereby make demand in the amount of $94,655.00.

(Doc. 1-7 at p.1). However, Plaintiffs argue that "[t]his demand letter was meant to simply get the ball rolling for settlement purposes and was never intended to represent the actual amount in controversy" and that they "do not believe now, nor did they believe at the time they filed their complaint, that the amount in controversy exceeded the $75,000 threshold." (Doc. 11 at p.3). Plaintiffs further allege that their demand of $10.00 per day in the settlement demand "was a completely arbitrary figure representing pain and suffering and was simply used in order to start the negotiation process to reach a potential settlement." (Doc. 18 at p.5). Plaintiffs further rely on their Supplemental Answers to Defendant's First Interrogatories, in which

9

Brenda Ryals claimed $14,114.18 in medical bills, $1150.00 medical leave, and $50,000 in general damages, totaling $65,264.18. (Doc. 1-5 at p.3). Plaintiffs' Answers further stated that "The Plaintiff is claiming no other damages other than the ones listed above. However, the Plaintiff reasserts that both her special and general her damages are ongoing and therefore subject to change." (Doc. 1-5 at p.3). In response, Wal-Mart argues that "Plaintiff's demand letter, when viewed in the context with her previous discover responses and deposition testimony, is sufficient to meet the standards of the Eleventh Circuit and this District for 'other paper.'" (Doc. 17 at p.3)(citations omitted). The issue in this case is whether the facts as they stood on the date of removal on July 15, 2016, prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional requirement.

    The amount requested in a settlement demand does not determine whether the amount in controversy exceeds $75,000, but "it counts for something." *Burns*, 31 F.3d at 1097. Settlement offers commonly reflect puffing and posturing, and such a settlement offer is entitled to little weight in measuring the preponderance of the evidence." *Jackson v. Select Portfolio Serv., Inc.*, 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009) (citing *Hall v. CSX Transp., Inc.*, No. 3:06–CV–37–WKW, 2006 WL 3313682 at *3 n.5 (M.D. Ala. Nov. 14, 2006). "On the other hand, settlement offers that provide 'specific information ... to support [the plaintiff's] claim for damages'

10

suggest the plaintiff is 'offering a reasonable assessment of the value of [his] claim' and are entitled to more weight." *Standridge v. Wal–Mart Stores, Inc.*, 945 F. Supp. 252, 256–57 (N.D. Ga. 1996) (citing *Golden Apple Mgmt. Co. v. Geac Computers, Inc.*, 990 F. Supp. 1368 (M.D. Ala. 1998)).

Wal-mart contends that Plaintiffs' settlement demand letter proves by a preponderance of the evidence that the Plaintiffs' claims exceed the jurisdictional amount in controversy. Specifically, Wal-Mart argues that "[w]hen combined with the special damages previously asserted by Plaintiff in her supplemental responses to discovery - $14,114.18 for past medical expenses and $1,15 for lost medical leave time - the amount in controversy of her claims is even higher." (Doc. 17 at p.4). The parties do not appear to dispute that the amount of special damages in this case are currently claimed at $15,264.18. Rather, the parties argue whether, by a preponderance of the evidence, the special damages of $15,264.18 when combined with general damages in controversy exceed the statutory limit.

The settlement demand letter does not contain facts from which an assessment of damages could be reasonably inferred. Rather, the letter expressly engages in a speculative calculation of general damages based on an arbitrary assignment of $10 per day for Brenda's pain and suffering, $5 per day for Allen, and a "reasonable addition of general damages of $40,000.00" with not explanation for how Plaintiffs

11

arrived at these figures. Moreover, after arriving at these arbitrary calculations, Plaintiffs offered a discount of roughly 36% of that amount. These amounts stand in stark contrast to the claim of $50,000 in general damages that Plaintiffs claimed in their Supplemental Answers to Defendant's First Interrogatories, in which their claims totaled $65,264.18. (Doc. 1-5 at p.3). "[R]emoval statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns*, 31 F.3d at1095.In this case, resolving the uncertainty of the actual value of the amount in controversy, the settlement letter does not reflect a reasonable estimate of the actual value of Plaintiffs' claims, and it does not support Wal-Mart's argument that the amount in controversy in this case exceeds $75,000. As set out above, the Eleventh Circuit has said, "[w]hile [a] settlement offer, by itself, may not be determinative, it counts for something." *Burns* , 31 F.3d at 1097. In determining what that "something" is, courts draw distinctions between settlement offers steeped in puffery and posturing at a high level of abstraction, on the one hand, and those yielding particularized information and a reasonable assessment of value, on the other. *See, e.g.*, *Jackson*, 651 F. Supp. 2d at 1281 ("Settlement offers commonly reflect puffing and posturing, and such a settlement offer is entitled to little weight in measuring the preponderance of the evidence."); *Diaz v. Big Lots Stores, Inc.*, 2010 WL 6793850, at *2 (M.D. Fla. Nov. 5, 2010) ("The evidentiary

value of a settlement offer in establishing the amount in controversy depends on the circumstances of the offer."); *Hall*, 2006 WL 3313682, at *2 n.5 ("despite the court's consideration of Plaintiff's pre-removal settlement offer ... Defendant has not persuaded this court that Plaintiff's settlement demand was an honest assessment of damages."). The settlement demand letter does not establish by a preponderance of the evidence that the Plaintiffs' claims exceed the jurisdictional amount.

## V.     CONCLUSION AND RECOMMENDATION

Accordingly, for the reasons as stated, it is the **RECOMMENDATION** of the Magistrate Judge that Plaintiffs' motion to remand (Doc. 11) is due to be **GRANTED** and that the district court should enter an order remanding the action to state court in keeping with 28 U.S.C. § 1447(d).

Finally, it is **ORDERED** that the parties shall file any objections to this recommendation on or before **October 14, 2016**. Any objections filed must specifically identify the findings in the Magistrate Judge's recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the district court. The parties are advised that this recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by

the district court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the district court except upon grounds of plain error or manifest injustice. *See Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).

**DONE** and **ORDERED** this 29th day of September, 2016.

                                        /s/ Paul W. Greene
                                        United States Magistrate Judge